917 F.2d 24
 135 L.R.R.M. (BNA) 3000
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
M.P.C. PLATING, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 89-5869, 89-6040.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1990.
 
 1
 Before KENNEDY and WELLFORD, Circuit Judges, and JOINER,* Senior District Judge.
 
 JUDGMENT
 
 2
 THIS CAUSE came on to be heard upon a petition filed by M.P.C. Plating, Inc., to review an order of the National Labor Relations Board issued against said Petitioner, its officers, agents, successors, and assigns, on June 15, 1989, and upon a cross-application filed by the National Labor Relations Board to enforce said Order. The Court heard argument of respective counsel on May 4, 1990, and has considered the briefs and transcript of record filed in this cause. On September 4, 1990, the Court being fully advised in the premises, handed down its opinion granting in part and denying in part enforcement of the Board's Order and remanding the case to the Board for further proceedings consistent with the Court's opinion. In conformity therewith, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Petitioner, M.P.C. Plating, Inc., Cleveland, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Asking employees to engage in surveillance of other employees.
 
 
 5
 (b) Interrogating employees about their own or other employees' union activity.
 
 
 6
 (c) Creating the impression that it is engaged in surveillance of its employees' union activities.
 
 
 7
 (d) Threatening to close the facility if the employees select Local Union No. 507 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO to represent them as their collective-bargaining agent.
 
 
 8
 (e) Terminating or otherwise discriminating against its employees because they have engaged in union or protected concerted activity.
 
 
 9
 (f) In any other manner interfering with, restraining, or coercing its employees in the exercise of their rights guaranteed by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 10
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 11
 (a) Reinstitute a permanent work force.
 
 
 12
 (b) Make employees Michelle Bady, Everett Davis, Ollie Gendraw, Mary Montville, Lawrence Officer, Rashad Shareef, and John Watts Jr. whole for any loss of earnings and other benefits suffered as a result of the discrimination against them, with interest, in the manner set forth in the remedy section of the judge's decision.
 
 
 13
 (c) Offer, if it has not already done so, to Frank Billip, Craig Buslee, Richard Snyder, and Anthony Watts full and immediate reinstatement to their former positions or, if those jobs no longer exist, to substantially equivalent positions without prejudice to their seniority or other rights and privileges previously enjoyed and make them whole for any losses suffered, with interest.
 
 
 14
 (d) Remove from its files any reference to the July 23, 1985 discharge of Everett Davis and the July 24, 1985 discharges of Michelle Bady, Frank Billip, Craig Buslee, Ollie Gendraw, Mary Montville, Lawrence Officer, Rashad Shareef, Richard Snyder, John Watts Jr., and Anthony Watts and notify these employees in writing that this has been done and that the discharges will not be used against them in any way.
 
 
 15
 (e) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 16
 (f) Post at its place of business in Cleveland, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being signed by the Petitioner's authorized representative, shall be posted by the Petitioner immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Petitioner to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 17
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Petitioner has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 18
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 19
 APPEALS ENFORCING IN PART AND DENYING IN PART AN
 
 ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 20
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 21
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 22
 To bargain collectively through representatives of their own choice
 
 
 23
 To act together for other mutual aid or protection
 
 
 24
 To choose not to engage in any of these protected concerted activities.
 
 
 25
 WE WILL NOT ask you to engage in surveillance of other employees.
 
 
 26
 WE WILL NOT interrogate you about your union sympathies or activities or those of others, nor ask you to report on the union activities of your coworkers.
 
 
 27
 WE WILL NOT give you the impression that your union activities are under surveillance.
 
 
 28
 WE WILL NOT threaten to close the facility in the event you select a union to represent you as your collective-bargaining agent.
 
 
 29
 WE WILL NOT terminate or otherwise discriminate against you because you have engaged in union or protected concerted activity.
 
 
 30
 WE WILL NOT in any other manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 31
 WE WILL reinstitute a permanent work force.
 
 
 32
 WE WILL make Michelle Bady, Everett Davis, Ollie Gendraw, Mary Montville, Lawrence Officer, Rashad Shareef, and John Watts Jr. whole for any loss of earnings and other benefits resulting from their unlawful discharges, plus interest.
 
 
 33
 WE WILL, if we have not already done so, offer Frank Billip, Craig Buslee, Richard Snyder, and Anthony Watts full and immediate reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed and make them whole for any loss of earnings or other benefits resulting from their discharge, plus interest.
 
 
 34
 WE WILL notify Michelle Bady, Frank Billip, Craig Buslee, Ollie Gendraw, Mary Montville, Lawrence Officer, Rashad Shareef, Richard Snyder, John Watts Jr., and Anthony Watts that we have removed from our files any reference to their discharges on July 24, 1985, and notify Everett Davis that we have removed from our files any reference to his discharge on July 23, 1985, and that the discharges will not be used against them in any way.
 
 
 35
 M.P.C. PLATING, INC.
 
 
 36
 (Employer)
 
 Dated ________
 By ________ (Representative) (Title)
 
 37
 This is an official notice and must not be defaced by anyone.
 
 
 38
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E. 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3715.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge, United States District Court for the Eastern District of Michigan, sitting by designation